UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY Case No: 25-42777
Chapter 13

Aimee Marie Witt,

Debtor.

RESPONSE IN OPPOSITION TO MOTION FOR RELIEF

The Debtor, Aimee Marie Witt, submits the following response in opposition to the motion for relief from the automatic stay (the "Motion") filed by Iris Waade (Movant) (Doc. 15).

1. Answering Paragraphs 4-6 of the Motion, the allegations contained therein are admitted.

2. Under Paragraph 11, Debtor admits she is behind on her rent obligation to Ms. Waade and that she is in a lease agreement on the property located at 3290 North Shore Dr, Wayzata MN 55391. Though there are inaccuracies regarding payment due dates.

3. Through an error in Debtor's schedules and petition, Ms. Waade was left off the original bankruptcy filing. She has since been added to the schedules and the matrix.

4. At the time of filing, Debtor estimated future rent payment on a new abode on Schedule J. Schedule J did not represent rent to Ms. Waade.

5. While Ms. Waade was inadvertently not given original notice through the bankruptcy filing, debtor told Ms. Waade she had filed for bankruptcy. Debtor believes that with that knowledge Ms. Waade still went forward with an eviction action in state court. Ms. Waade was not intentionally left off the filing.

6.      A writ of execution was ordered on September 30, 2025 in Hennepin County District Court File No. 27-CV-HC-257132. It was stayed on October 6, 2025 when the Court was made aware of the bankruptcy filing.

## ARGUMENT

1.      Debtor has a modified plan drafted that includes Ms. Waade and allows for the pre-petition debt to be paid in full. Debtor admits payments are delinquent but believes post-petition rent can be cured timely. Debtor has a boat, fully exempted, that she is able to sell to make an immediate payment to Ms. Waade. Alternatively, she would also be willing to sign over title. That would cover September and October's rent.

2.      Ms. Waade, through her counsel, seeks the termination of the 14-day automatic stay in place by Rule 4001(a)(3). The debtor respectfully requests the court not grant this relief.

3.      The Motion cites Federal Rule of Bankruptcy Procedure 4001(a)(3); however, Debtor notes that the relevant rule is in fact 4001(a)(4): unless the court orders otherwise, an order granting a motion for relief from the automatic stay under (1) is stayed for 14 days after it is entered.

    i.      As of December 1, 2024, the Judiciary restyled the rules to make them more easily understood and to make style and terminology consistent throughout the rules. One of the changes that was made was restyling FRBP 4001, which resulted in the renumbering of the rule, causing old subsection (a)(3) to be retitled as subsection (a)(4).

4.      The debtor would be unduly harmed if this court would grant an immediate waiver of the stay. The property at issue is Ms. Witt's primary residence; waiving the 14-day stay as required by the FRBP would cause significant harm to the debtor and her two children as it leaves her no time to make alternative living arrangements. Granting the waiver would also create further financial hardship; Ms. Witt would have to attempt to find housing immediately, which would likely mean further postponing Chapter 13 payments and being unable to effectively reorganize her debts through her Plan.

5. The motion fails to list an urgent need for relief justifying the waiver of the 14-day stay as required by FRBP. The creditor has not demonstrated cause for immediate enforcement, and no evidence of irreparable harm or asset depreciation has been shown. Nothing specified in the Motion suggests the waiver is necessary to prevent "immediate and irreparable harm" to their property interest as contemplated by 362(f) of the Bankruptcy Code.

WHEREFORE, Debtor respectfully request that the Court:

1. Deny Movant's request for relief from stay.
2. Deny Movant's request for termination of the 14-day automatic stay.

October 22, 2025

s/ MARGARET R. HENEHAN
Atty #0395419
Kain + Henehan LLC
2299 Waters Dr
Mendota Heights, MN 55120
margaret@kainhenehan.com
612.438.8006