UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Aimee Marie Witt, | Case No. 25-42777 |
| Debtor. | |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATIONS BY THE UNITED STATES SMALL BUSINESS ADMINISTRATION

THE UNITED STATES OF AMERICA, on behalf of its agency, the United States Small Business Administration ("SBA," collectively, the "Government"), by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Adine S. Momoh, Assistant United States Attorney, submits the following memorandum of law in support of its motion for an order authorizing examinations under Fed. R. Bankr. P. 2004 and Fed. R. Bankr. P. 9016.

## FACTS

The relevant facts are set forth in the Government's Rule 2004 examination motion and, to avoid duplication, are incorporated by reference as if fully set forth in this memorandum. Defined terms have the same meaning provided for in the motion.

## ARGUMENT

Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that a court may order an examination of "any entity." Fed. R. Bankr. P. 2004(a). Rule 2004(c) authorizes using a court's subpoena power pursuant to Rule 9016 to compel the production of documents. Any interested party may seek a Rule 2004 examination that relates to "the acts, conduct, or property or to the liabilities and financial conditions of the debtor, or to any matter which may affect the

administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bank. P. 2004(b). The scope of inquiry and investigation under Rule 2004 is broad, and great latitude is ordinarily permitted. *See In re Symington*, 209 B.R. 678, 682–84 (Bankr. D. Md. 1997). "Its obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct." *Id.* (citing *In re Foerst*; 93 F. 190 (S.D.N.Y. 1899)).

The purpose of Rule 2004 is to give "parties in interest an opportunity to examine those individuals having knowledge of the financial acts and affairs of a debtor." *In re GHR Energy Corp.*, 35 B.R. 534, 536 (Bankr. D. Mass. 1983); *see also Longo v. McLaren* (*In re McLaren*), 158 B.R. 655, 657 (Bankr. N.D. Ohio 1992). Rule 2004 affords the examiner an even broader inquiry than that afforded by the discovery rules set forth in the Federal Rules of Civil Procedure, which themselves contemplate broad and easy access to discovery. Indeed, courts generally do not allow a debtor or other party to escape from an examination under Rule 2004 unless that party can demonstrate that the examination is oppressive or burdensome under the circumstances. *See In re Vantage Petroleum Corp.*, 34 B.R. 650, 652 (Bankr. E.D. N.Y. 1983).

Here, the Government seeks to examine the following:

- a. Aimee Marie Witt (the "Debtor") both in her individual capacity and in her capacity as:
    - i. Sole proprietor d/b/a Miss Aimee's Childcare.
    - ii. Owner of Three Rivers Day School LLC.
- b. Three Rivers Day School LLC.

The SBA is a creditor in the above-captioned case. *See* Fed. R. Bankr. P. 4004 and 4007(c). The SBA has a secured claim of $11,000.00 and a general unsecured claim of $119,017.12 against the Debtor. The total claim is $130,017.12, as set forth in the SBA Proof of Claim (Claim No. 11-

2

1). No objections to the SBA's claims have been filed. Accordingly, the claims are deemed allowed pursuant to 11 U.S.C. § 502(a).

Here, based on limited facts known to date, the Government has concerns regarding, among other things, the dischargeability of the SBA's debt in the Debtor's Chapter 13 bankruptcy. On October 29, 2020, the Debtor, as a sole proprietor d/b/a Miss Aimee's Childcare, applied to the SBA for a Covid EIDL. In the Covid EIDL application, the Debtor described Miss Aimee's Childcare as providing educational services, specifically daycare. She provided other business information in the application, including that Miss Aimee's Childcare was established on February 20, 2009.

On October 30, 2020, the SBA made a Covid EIDL to the Debtor in the amount of $15,700.00 pursuant to an Agreement. The Debtor and the SBA later entered into amended Agreements. The loan was modified on March 24, 2022, in the amount of $72,700.00 and again on May 2, 2022, in the amount of $114,700.

The Debtor granted the SBA a security interest in certain identified collateral of Miss Aimee's Childcare securing the Covid EIDL following the first and second loan modifications. The SBA filed a UCC-1 financing statement to perfect its security interest in the collateral securing the Covid EIDL. At all times, the borrower remained Miss Aimee's Childcare.

Pursuant to the Agreement, the Debtor and Miss Aimee's Childcare agreed that Miss Aimee's Childcare, as the borrower, would "use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter[.]" The Debtor and Miss Aimee's Childcare further agreed:

> Borrower will not, **without the prior written consent of SBA**, make any distribution of Borrower's assets, or give any preferential treatment, make any advance, directly or indirectly, by way of loan, gift, bonus, or otherwise, to any

3

> owner or partner or any of its employees, or to any company directly or indirectly controlling or affiliated with or controlled by Borrower, or any other company.

(Emphasis added.)

The Government does not yet know for certain whether the Debtor and Miss Aimee's Childcare, as the borrower, misapplied the Covid EIDL proceeds. However, the Government has reason to believe that the Debtor used the loan proceeds to open a new business. According to the Debtor's SOFA, the Debtor owned and operated Miss Aimee's Childcare from 2009 to April 2023. She described the nature of Miss Aimee's Childcare as "in home daycare." Further, according to the SOFA, the Debtor owned and operated Three Rivers Day School LLC from 2022 to July 2025. She described the nature of Three Rivers Day School's business as "private play school." The business activities and dates of ownership and operation between Miss Aimee's Childcare and Three Rivers Day School overlap.

The SBA did not approve of any transfer of assets between Miss Aimee's Childcare and Three Rivers Day School. If the Debtor misapplied the Covid EIDL proceeds, she could be facing a separate, additional nondischargeable claim of civil penalties up to 1.5 times the original principal of the Covid EIDL.

The Government seeks to conduct Rule 2004 examinations of and seek documents from the aforementioned to, among other things, determine the extent of its claims and remedies in the above-referenced bankruptcy matter, and in particular, its claims against the Debtor, as well as examine the Debtor with respect to her property, conduct, liabilities, and financial condition and to determine whether cause may exist to deny the discharge of debts owed to the SBA in this bankruptcy, including whether the Debtor engaged in fraud. The examinations and related document requests fall within the parameters set forth by courts and the federal rules.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grants its motion, enter an order authorizing the Government to conduct its examinations pursuant to Fed. R. Bankr. P. 2004 and Fed. R. Bankr. P. 9016 of the Debtor and others and grant such other and further relief as may be just and appropriate.

Dated: December 23, 2025

        DANIEL N. ROSEN
        United States Attorney

        *s/ Adine S. Momoh*

        BY: ADINE S. MOMOH
        Assistant U.S. Attorney
        Attorney ID Number 0390085
        600 United States Courthouse
        300 South Fourth Street
        Minneapolis, MN 55415
        Phone: 612-664-5600
        Email: Adine.Momoh@usdoj.gov

        Attorneys for the United States Small
          Business Administration