**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| In Re: | NOTICE OF MOTION AND MOTION FOR DISMISSAL OR CONVERSION |
| AIMEE MARIE WITT | |
| | Case No. - BKY 25-42777 MAB |
| | Chapter 13 |
| Debtor(s) | |

_____

TO: Debtor(s), Debtor(s) Attorney, all parties in interest under Local Rule 9013-3, and the United States Trustee.

    1.    Gregory A. Burrell, (Trustee), moves the Court for the relief requested below and gives notice of hearing.

    2.    The Court will hold a hearing on this motion at 10:00 am on **Thursday, April 9, 2026**. The hearing will be conducted with the court via WebEx video conferencing. Please contact Judge Bruggeman's Courtroom Deputy by email mnb_bruggeman_hearings@mnb.uscourts.gov or by telephone at 651-848-1051 to obtain the login information.

    3.    Any response to this motion must be filed and served not later than Thursday, April 2, 2026, which is seven days before the time set for the hearing (including Saturdays, Sundays, and holidays). ***Unless a response opposing the motion is timely filed, the court may grant the motion without a hearing.***

    4.    The Court has jurisdiction of this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This motion arises under 11 U.S.C. §1307 and Bankruptcy Rule 1017. This motion is filed under Bankruptcy Rule 9013 and Local Rule 9013-1 *et seq*. The petition commencing this Chapter 13 case was filed on 8/25/25. The case is now pending in this Court.

    5.    If testimony is necessary as to any facts relevant to this motion, Dawn Kassa, Chapter 13 Office, 100 South Fifth Street, Suite 480, Minneapolis, Minnesota, will testify on behalf of the Trustee.

    6.    The Trustee requests that this case be dismissed or converted to a Chapter 7 case, and such other relief as the Court deems just, for the following reason(s):

        ( )    A.    Debtor(s) have failed to appear at §341(a) meeting of creditors and has not been examined.

        ( )    B.    Debtor(s) have failed to make the initial payment proposed by the plan within 30 days after the plan was filed, (11 U.S.C. §1326(a)(1)), and subsequent plan payments that may come due by the date of the hearing on this motion.

        ( )    C.    The plan term has expired. The amount needed to complete the plan is $.

        ( )    D.    Debtor(s) have failed to file a plan under §1321.

        ( )    E.    Confirmation of the Debtor(s)' plan has been denied.

(X) F.   Debtor(s) have failed to make payments to Trustee thereby creating current defaults or arrearages on plan payments of $650.00 as of March 11, 2026, and subsequent plan payments that may come due by the date of the hearing of this motion. The last payment credited to the Debtor(s)' account was on 1/12/2026.  Total payments of $3250.00 have been made to date hereof.  Required monthly payments are currently $650.00.

**The March, 2026 payment is not included in the listed default amount.**

Any payment less than the amount required to bring the plan current will not prevent dismissal of this case. If the default, including the payment due for March, is brought current by the hearing date, the Trustee will strike the motion.

**All payments to cure plan arrears must be made with a cashiers check or money order.**
**<u>NO PERSONAL CHECKS WILL BE ACCEPTED.</u>**

()   G.   Debtor(s) have failed to pay post-petition amounts payable under a domestic support obligation as they became due. 11 U.S.C. § 1307(c)(11).

()   H.   *Debtors have failed to establish that all applicable Federal, State and Local tax returns as required by § 11 U.S.C. 1308 have been filed.  § 11 U.S.C. 1307 (e).*

()   I.   The debtor has failed to bring to the meeting of creditors under §341 and make available to the Trustee statements for each of the debtor's pay stubs or depository and investment accounts, including checking, savings, and money market accounts, mutual funds and brokerage accounts for the time period that includes the date of the filing of the petition, as required by Interim Bankruptcy Rule 4002(b)(2), and has failed to do so to date.

(X) J.   The debtor(s) have materially defaulted in the terms of the confirmed chapter 13 plan OR have failed and refused to comply with the statutory duty to cooperate with the trustee in his reasonable requests for information, by failing to provide the trustee with copies of the debtors' 2024 federal and state income tax returns and/or tax refunds in the amount of $, despite having been sent multiple written requests. 11 U.S.C § 1307, 11 U.S.C. § 521 (a) (3), 521 (f)

()   K.   The debtor(s) have materially defaulted in the terms of the confirmed chapter 13 plan OR have failed and refused to comply with the statutory duty to cooperate with the trustee in his reasonable requests for information, by failing to notify the Trustee of the receipt of any received bonuses or additional funds received and/or funds from bonus in the amount of $, despite having been sent multiple written requests. 11 U.S.C. § 1307, 11 U.S.C. § 521 (a) (3), 521 (f).

**WHEREFORE** the Trustee requests an order granting the relief prayed for herein.

Dated: March 11, 2026

**Gregory A. Burrell, Trustee**

/e/ Heather M. Forrest
Heather M. Forrest   #0398764
Jeffrey M. Bruzek    #319260
Counsel for Chapter 13 Trustee
100 South Fifth Street, Ste. 480
Minneapolis, MN   55402
(612) 338-7591

**VERIFICATION**

I, Dawn Kassa, an employee of the Trustee, declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

/e/ Dawn Kassa
Dawn Kassa
Chapter 13 Office

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| In Re: | UNSWORN DECLARATION OF PROOF OF SERVICE |
| AIMEE MARIE WITT | |
| | Case No. - BKY 25-42777 MAB |
| Debtor(s) | Chapter 13 |

_____

I, Dawn Kassa, declare that on the date stated below I served a copy of the Notice of Motion and Motion for Dismissal or Conversion and Unsworn Declaration of Proof of Service, upon each of the entities named below in the manner described, as follows:

**Copy to Debtor(s) addressed to:**
AIMEE MARIE WITT
3290 NORTH SHORE DRIVE
WAYZATA, MN   55391

**Additional Copy(s) by electronic mail or by first class U.S. mail postage prepaid addressed to:**
Nathan M. Hansen
Attorney At Law
P.O. Box 575
Willernie MN 55090-

ASSISTANT UNITED STATES ATTORNEY (IRS)
600 UNITED STATES COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN   55415-

and I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: March 11, 2026                                        /e/ Dawn Kassa
                                                             Dawn Kassa
                                                             Chapter 13 Office